```
                United States District Court
                  District of Massachusetts
```

|  |  |
|---|---|
| **United States of America,** *ex rel. Geordie Sanborn et al.*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )    Civil Action No. )    17-12125-NMG |
| **AthenaHealth, Inc.**, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Relator Geordie Sanborn ("Sanborn" or "relator") moves for a supplemental award of $83,800 in attorneys' fees to be paid by defendant AthenaHealth, Inc. ("Athena" or "defendant"). Athena responds that this Court lacks jurisdiction to entertain the motion, has already decided against the supplemental award which Sanborn seeks and/or should reduce the $83,800 in requested fees. For the reasons that follow, Sanborn's motion (Docket No. 107) will be allowed, in part, and denied, in part.

I.  **Background**

The Court will describe only the background and procedural history pertinent to the pending motion. In April, 2021, relator moved for an award of attorneys' fees and other costs and expenses incurred in connection with the settlement of two

qui tam actions brought against Athena, seeking roughly $750,000 in fees and expenses.  Athena opposed the motion in May, 2021, and Sanborn filed a reply memorandum with leave of this Court later that month.  Sanborn subsequently filed an additional declaration in which he sought an additional $83,800 in attorneys' fees incurred during the fee proceedings.

This Court allowed, in part, and denied, in part, Sanborn's motion in March, 2022, awarding him $391,125.33 in fees, costs and expenses.  Sanborn appealed to the First Circuit Court of Appeals ("the First Circuit") and sought additional fees associated with his electronic health record ("EHR") compliance claim, a claim in which the government did not intervene and for which this Court did not award attorneys' fees.  In December, 2022, the First Circuit affirmed this Court's decision but invited it to address expressly whether Sanborn was entitled to additional attorneys' fee incurred during the fee proceedings. Relator Sanborn subsequently moved for a supplemental award of attorneys' fees under 31 U.S.C. § 3730(d)(1) based upon the First Circuit opinion and Fed. R. Civ. P. 60.

II.   **Relator's Motion for Attorneys' Fees**

Sanborn moves, pursuant to Fed. R. Civ. P. 60(b)(1), for a supplemental award of attorneys' fees under 31 U.S.C. § 3730(d)(1) based upon the claim that this Court inadvertently

failed to award him fees incurred for work on his fee petition and the reply brief submitted in support of that petition.

### A.  This Court Has Jurisdiction to Consider the Motion Pursuant to Fed. R. Civ. P. 60(b)(1)

As an initial matter, the parties dispute whether this Court has jurisdiction to consider Sanborn's motion.  In pertinent part, Fed. R. Civ. P. 60 provides that a court may relieve a party from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect[.]" Id. at (b)(1).

In the case at bar, the Court considered all of the briefs submitted by the parties with respect to relator Sanborn's fee petition, including his reply memorandum and the supplemental declaration filed by his counsel.  It did not, however, rule upon the amount of attorneys' fees, if any, to which Sanborn was entitled with respect to the fee proceedings themselves.

After Sanborn appealed, the First Circuit affirmed this Court's decision but noted that "[t]he district court [had] not expressly rule[d] on that additional request" for fees incurred during the fee proceedings. United States ex rel. Lovell v. AthenaHealth, Inc., 56 F.4th 152, 156 n.2.  The appellate court left it to this Court

> to determine whether it wishes to address, as it has not done explicitly, Sanborn's claim for additional fees incurred during the fee proceedings.

Id. at 159 n.8.

Because this Court inadvertently failed to resolve that issue in its original memorandum and order and because relator Sanborn has filed his motion within one year of the pertinent decision, see Fed. R. Civ. P. 60(c)(1), this Court will now expressly address Sanborn's claim for additional fees in the amount of $83,800.

**B. Relator's Request for Supplemental Fees Under 31 U.S.C. § 3730(d)(1)**

**1. Legal Standard**

The False Claims Act provides that a first-to-file relator in a qui tam action shall

> receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.

31 U.S.C. § 3730(d)(1).

To calculate reasonable attorneys' fees, courts in the First Circuit generally employ the lodestar method. See, e.g., Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). That method begins with a calculation of total hours worked which is derived from authenticated billing records and reduced by any hours that are duplicative, unproductive or excessive. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295-96 (1st Cir. 2001). The total hours worked is then

multiplied by a reasonable hourly rate. Hutchinson, 636 F.3d at 13. After calculating the initial lodestar figure, the Court has discretion to adjust that figure upward or downward to achieve an equitable result. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336-40 (1st Cir. 2008).

### 2. Application

Sanborn's request for $83,800 in supplemental attorneys' fees is based upon the lodestar calculation for about 113 hours of work at hourly rates which depend upon the experience of the respective billing attorney. Although the Court accepts that lodestar calculation, it will reduce the amount of supplemental attorneys' fees awarded by the same 50% reduction which it applied in its previous order. Sanborn's initial motion for attorneys' fees and his reply memorandum were premised on the contention that he was entitled to fees associated with both the anti-kickback claim and the EHR compliance claim. In its original memorandum and order, this Court demurred as to the EHR compliance claim and reduced the sum that relator requested by 50% "across-the-board".

Sanborn now asserts that attorneys' fees incurred during the fee proceedings should not be subject to that 50% reduction because no more than two pages in his reply memorandum directly addressed whether fees concerning the EHR compliance claim should be awarded. Sanborn's rough accounting is nevertheless

unpersuasive and he understates the importance of whether he was entitled to attorneys' fees for the EHR compliance claim. That issue was not simply one of many, it was the critical legal dispute presented by Sanborn's fee petition. In the opening paragraphs of the "Argument" section in his initial motion for fees, Sanborn asserted that he was entitled to attorneys' fees for work done on all of the claims released in the settlement. He then reaffirmed that position at the beginning of his "Argument" in the reply memorandum before turning to other issues.

The Court is, therefore, underwhelmed by Sanborn's proclamation that the relative attention afforded to different issues in his reply memorandum justifies applying a different approach to the $83,800 in fees requested here. There is no logical reason for this Court to depart from the 50% across-the-board reduction which it previously imposed and the First Circuit affirmed.

Finally, Athena contends that the time entries and hourly rates Sanborn submitted in connection with the work done on his fee petition and his reply memorandum are excessive and justify a further reduction. In its original memorandum and order, this Court rejected similar arguments, finding that tasks such as "preparing the fee petition" were compensable and that the "claimed time and rates are not unreasonable". The Court sees

no reason to depart from its original conclusions and will not further reduce the award of supplemental fees.

### ORDER

For the foregoing reasons, relator Sanborn's motion for supplemental attorneys' fees (Docket No. 107) is **ALLOWED**, in part, and **DENIED**, in part.  He is awarded an additional $41,900 in fees as a supplement to the prior award of $391,125.33 in fees, costs and expenses.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated:  July 11, 2023